JOHN T. MURPHY and GEORGE W. MURPHY, Plaintiffs in Error, *v.* PERRY K. WILSON, Defendant in Error.

1. *Attachment—Garnishment—Production of note—Construction of statute.*— Section 26 of the statute touching garnishment (Wagn. Stat. 668) does not contemplate an original proceeding to compel defendant to file in court a promissory note theretofore executed by plaintiff to defendant, although proceedings in attachment had been commenced by a third party against defendant, wherein plaintiff had been summoned as garnishee. The statute only aims to give the garnishee in a pending action an opportunity to protect himself by compelling the attachment debtor to produce the note in controversy, or show a sale or transfer if one had been made.

*Error to Fifth District Court.*

*McFerran,* for plaintiffs in error.

*Hall & Oliver,* for defendant in error.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs instituted an original proceeding in the Circuit Court of Livingston county, under section 26, page 668, of Wagner's Statutes, to compel defendant to file in court a promissory note theretofore executed by them to said defendant. Proceedings in attachment had been instituted against said defendant by one Isaac T. Murphy, in which the plaintiffs were garnisheed as the makers of the note, and the attachment suit had been prosecuted to final judgment and appealed to the District Court. The petition for the order sought in this proceeding was addressed to the judge in vacation, and a conditional or alternative order issued, of which the defendant, being a non-resident of the State, was notified by publication. Upon hearing at the proper term, the motion for a peremptory order was overruled and the matter dismissed, and the action of the court in the premises was affirmed in the District Court. The action of the court was clearly right. The statute does not contemplate an original proceeding, but only aims to give the garnishee in a pending action an opportunity to protect himself by compelling the attachment debtor to produce the note in controversy, or show a sale and transfer if one has been had.

Judgment affirmed. The other judges concur.